# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00406-REB-KMT

DORIS FLETCHER,

Plaintiff,

v.

TA OPERATING LLC, d/b/a TRAVELCENTERS OF AMERICA,
a subsidiary of TRAVELCENTERS OF AMERICA, LLC,

        Defendant.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1

3. Information designated as "CONFIDENTIAL" shall be as follows:

a) any and all documents regarding employees and former employees (other than Plaintiff, Doris "Sue" Fletcher) of TA OPERATING LLC; documents from the personnel or employment file of any employee, former employee of the company, or applicant, including but not limited to, wage or salary information, medical information, benefits, social security number, insurance, family matters, tax information, discipline, performance appraisals and any other compensation documents;

(b) any and all documents containing proprietary information, including trade secrets or other confidential research, development, or commercial information belonging to TA OPERATING LLC,

(c) the medical and financial records of Plaintiff, Doris "Sue" Fletcher; and

(d) other information entitled to protection under Rule 26(c)(7), Federal Rules of Civil Procedure.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on or supervising the work on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives and agency counsel for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." To the extent that a party obtains records pursuant to a subpoena or records release, any party may inform the requesting party that it is seeking confidential

treatment of the responsive documents and such documents will be treated as if marked "CONFIDENTIAL."

7. Certain CONFIDENTIAL information may also be designated as "ATTORNEY'S EYES ONLY." The use of the ATTORNEY'S EYES ONLY designation is limited to records of a medical condition for which Plaintiff sought treatment from Dr. Linn and/or Dr. Russell prior to July 1, 2005. CONFIDENTIAL information designated as ATTORNEY'S EYES ONLY shall only be disclosed to those individuals identified above in paragraphs 4(a), (b), and (d)-(f).

8. Any information designated as CONFIDENTIAL shall first be reviewed by a lawyer for the Producing Party or Designating Party who will certify that the designation is based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection under Rule 26(c)(7), Federal Rules of Civil Procedure.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice

4

shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. In the event that Confidential Documents (as defined in Paragraph 6–, *supra*) are used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. The Parties agree that when filing Confidential Documents in any form with the Court, they must move to file such Confidential Documents under seal and do so pursuant to Local Rules. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Document at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal*

*Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). Any of the Parties may also move, pursuant to Local Rules, to seek to seal the records of any Court proceedings in which a Confidential Document is disclosed.

12. At the conclusion of this case, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 14th day of September, 2010.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge